## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BYRON PATTERSON MCDANIEL JR<br>AND LAURA PAIGE MCDANIEL<br><br><br>Joint Debtors | Case No. 09-37480 (HRT)<br>Chapter 13 |

### DEBTORS' MOTION TO REOPEN CHAPTER 13 CASE

PLEASE TAKE NOTICE that upon the annexed affirmation, Byron Patterson McDaniel and Laura Paige McDaniel ("Debtors" or "McDaniels") by and through undersigned counsel, will move this Court for an Order:

a) Reopening the Debtor's Chapter 13 case pursuant to 11 U.S.C. § 350 (b) of the Bankruptcy Code and Rules 5010 and 4007 of the Federal Rules of Bankruptcy Procedure, for the purpose of seeking:

    i. Declaratory relief that the Sallie Mae Tuition Answer loans (the "Debts") identified on Debtors' Schedule F were discharged by operation of law on March 3, 2015 because they were not educational debts excepted from discharge by section 523(a)(8);

    ii. An award of actual damages and sanctions for violations of the discharge injunction;

    iii. An award of a reasonable attorneys' fees; and

    iv. Other just relief that this Court deems proper.

1

June 15, 2017

                              Respectfully submitted,

                                  <u>/s/ Austin Smith</u>
                                  Austin Smith
                                  SMITH LAW GROUP
                                  3 Mitchell Place
                                  New York, New York 10017
                                  (917) 992-2121
                                  Austin@acsmithlawgroup.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BYRON PATTERSON MCDANIEL JR<br>AND LAURA PAIGE MCDANIEL<br><br><br>Joint Debtors | Case No. 09-37480 (HRT)<br>Chapter 13 |

### AFFIRMATION IN SUPPORT OF DEBTORS' MOTION TO REOPEN CHAPTER 13 CASE

I, Austin C. Smith, an attorney at law admitted to practice before this Court, being mindful of the penalties of perjury, duly swears as follows:

1. I am attorney with the Smith Law Group.

2. I am attorney for Bryon and Laura McDaniel ("Debtors"), and as such am familiar with the facts and circumstances of this matter.

3. I submit this affirmation in support of the instant motion to reopen Debtors' case pursuant to section 350 of the Bankruptcy Code in order to obtain a determination of dischargeability and to accord further relief to Debtor.

4. Debtors seeks declaratory relief that the Sallie Mae Tuition Answer Loans (the "Debts") were discharged by operation of law on March 3, 2015, a finding that Navient willfully violated this Court's discharge injunction under section 524 of the Bankruptcy Code, and disgorgement of all money repaid on the discharged debts, which were repaid based on Sallie Mae's material and fraudulent misrepresentations and not made voluntarily.

3

5. This court has jurisdiction over violations of the discharge injunctions as core matters arising under the Bankruptcy Code pursuant to 28 U.S.C. 157 and 28 U.S.C. 1409.

6. Venue is proper in the District of Colorado under 28 U.S.C. 1409(a).

7. On December 24, 2009, Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado.

8. Debtors listed on Schedule F of the petition certain Sallie Mae "educational" loans (the "Debts")

9. On or about March 3, 2015, this Court issued a discharge order in Debtor's bankruptcy proceeding.

10. On or about March 5, 2015, Sallie Mae (Navient's predecessor-in-interest) received notice of discharge.

11. Debtors did not enter into an agreement under section 524(c) of the Bankruptcy Code.

12. The Debts were not non-dischargeable student loans or conditional educational grants under section 523(a)(8). Specifically, the loans were "direct-to-consumer" loans that were not made for "qualified education expenses."[1]

13. Neither Sallie Mae nor Navient filed an adversary proceeding contesting dischargeability under section 523(a)(8).

14. The Debts were therefore discharged by operation of law pursuant to section 727(b) of the Bankruptcy Code.[2]

---

[1] *In re Campbell*, 547 B.R. 49, 55 (Bankr. E.D.N.Y. 2016).

15. Notwithstanding, Navient and its agents misrepresented the Debts to the McDaniels as non-dischargeable debts and initiated monthly collection efforts on the discharged debts.

16. Debtors now seeks to reopen this bankruptcy case in order to obtain relief.

17. Federal Rule of Bankruptcy Procedure 5010 provides "[a] case may be reopened on the motion of the debtor . . . pursuant to section 350 of the Code."

18. Section 350 of the Bankruptcy Code permits the bankruptcy court to reopen a case "to administer assets, accord relief to the debtor, or for other cause."

19. Rule 4007 of the Federal Rules of Bankruptcy states that a "case may be reopened" at any time "for the purpose of filing a complaint to obtain a determination" of discharge.

20. Seeking relief for violation of the discharge order is also an appropriate reason for reopening a case.[3]

21. The decision to reopen is within the sound discretion of the Court.

---

[2] *In re Haroon,* 313 B.R. 686, 689 (Bankr. E.D. Va. 2004) ("The failure to seek a dischargeability determination does not alter the fact that the debt is or is not discharged upon entry of the discharge order. It merely avoids a judicial declaration of that fact at that time . . . The parties' rights were fixed at that time and, if the debt was discharged, the creditor was barred from collecting it. The fact that they may not have agreed as to what that status was is immaterial. The status, although perhaps unknown to the parties or disputed by them, was fixed by the discharge order. Neither was obligated to commence a dischargeability action to resolve that issue and the failure to do so did not alter the status of the debt. There are ramifications from not seeking a dischargeability determination, that is, whether the debt falls within an exception of § 523. One ramification is that a creditor who attempts to collect the debt proceeds at his own peril and accepts the consequences of his own actions. If a creditor wants to avoid the adverse consequences of an erroneous analysis, he can come to this court at any time, even after the case has been closed, and seek an adjudication of the dischargeability issue. 4 Collier on Bankruptcy, ¶ 523.04 (15th ed. revised 2004). If he fails to do that and seeks to collect the debt, the debtor may use a show cause order to have this determination made. **If the creditor is wrong and the debt was discharged, he has violated § 524**.") (emphasis added).

[3] *See, e.g., In re Szenes,* 515 B.R. 1, 3 (Bankr. E.D.N.Y. 2014) ("The debtors, Mr. and Mrs. Szenes, previously filed, on notice to U.S. Bank, a motion to reopen their chapter 7 case under section 350 of the Bankruptcy Code . . . the limited purpose of permitting the debtors to present their claim that U.S. Bank violated the discharge injunction by seeking to collect its debt as a personal liability from them after the debt has been discharged and the bankruptcy case closed. A hearing on the Motion to Reopen was held before the Court on June 5, 2014 and the Motion to Reopen was granted.").

**WHEREFORE,** Debtor respectfully requests the entry of an Order reopening this Chapter 13 case.

June 15, 2017

Respectfully submitted,

/s/ Austin Smith
Austin Smith
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | Case No. 09-37480 (HRT) |
| ) | Chapter 13 |
| BYRON PATTERSON MCDANIEL JR ) | |
| AND LAURA PAIGE MCDANIEL ) | |
| ) | |
| Joint Debtors ) | |

## NOTICE OF MOTION AND OPPORTUNITY FOR HEARING

Debtor has filed papers with the court to seek relief for determination of discharge of debt.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may want to consult one.**

If you do not want the Court to grant the relief requested, or if you want the Court to consider your views on the Motion, within **fourteen (14) days**, you or your attorney must:

1. File with the court a written response or an answer[1], explaining you position at:

    If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above. All attorneys are required to file pleadings electronically.

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Respectfully submitted,

/s/ Austin Smith
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>BYRON PATTERSON MCDANIEL JR<br>AND LAURA PAIGE MCDANIEL<br><br>Joint Debtors | Case No. 09-37480 (HRT)<br>Chapter 13 |

## CERTIFICATE OF SERVICE

I, Austin C. Smith, hereby certify that on the 16th day of June, 2017, I served the foregoing Motion to Reopen Chapter 13 Case, Proposed Order, Affirmation in Support of the Motion and this Certificate of Service using the ECF Filing System and by depositing said copies in the U.S. mail, postage prepaid, properly addressed as follows:

**Navient Solutions, LLC.**
**ATTN: OFFICER OR AGENT**
**PO BOX 9500**
**Wilkes-Barre, PA 18773**

**Sally Zeman**
**Chapter 13 Trustee**
**PO Box 1169**
**Denver, CO 90201**

**US Trustee 13**
**Byron G. Rogers Federal Building**
**1961 Stout St.**
**Suite 12-200**
**Denver, CO 80294**

    Respectfully submitted,

    /s/ Austin Smith
    SMITH LAW GROUP
    3 Mitchell Place
    New York, New York 10017
    (917) 992-2121
    Austin@acsmithlawgroup.com